# UNITED STATES COURT OF APPEALS

## FOR THE FIFTH CIRCUIT

No.97-40518
Summary Calendar

STEVE GURSKI,

Plaintiff-Appellee,

versus

ROBERT DIAZ DE LEON, ET AL.,

Defendants,

ROBERT DIAZ DE LEON, Individual Capacity,

Defendant-Appellant.

Appeals from the United States District Court
for the Southern District of Texas
(M-95-CV-264)

April 22, 1998

Before POLITZ, Chief Judge, KING and DENNIS, Circuit Judges.

PER CURIAM:[*]

Robert Diaz De Leon takes this interlocutory appeal from the partial denial of his motion for summary judgment, contending that he is entitled to qualified immunity from suit. For the reasons assigned, we affirm.

## BACKGROUND

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Steve Gurski was employed as the Chief of Police for the City of Donna, Texas. On June 27, 1995 City Manager De Leon terminated Gurski, alleging dissatisfaction with job performance. Gurski was given the right to appeal and to request a formal hearing according to the City's personnel policies. Gurski appealed and a hearing was scheduled for August 16, 1995. Upon learning that De Leon would be both a witness against him and a judge, Gurski objected to the hearing process. De Leon ultimately canceled the hearing for various reasons.

On September 26, 1995 De Leon, through the city attorney, sent a letter to Gurski's attorney resetting the hearing for October 2, 1995. The letter stated that if a conflict existed, De Leon's secretary should be contacted. As Gurski's attorney had a conflict, a letter was faxed to De Leon prior to the hearing date, informing him of the conflict and requesting that the hearing be rescheduled. On October 2, 1995 De Leon sent a letter to Gurski's attorney acknowledging his conflict, but asserted that the hearing could not be rescheduled. De Leon stated that because Gurski did not appear that day as scheduled, he affirmed his allegations against Gurski and found just cause to exist for termination, which was effective immediately.

On October 11, 1995 Gurski filed the instant § 1983 action against the City of Donna and several City of Donna officials, alleging breach of contract and denial of due process. All the individual defendants except De Leon were granted qualified immunity. De Leon timely appealed.

## ANALYSIS

The denial of summary judgment on a claim of qualified immunity is immediately

2

appealable, even though genuine issues of material fact might exist, when the decision turns on a question of law.[1]  Viewing the facts in the light most favorable to the nonmovant, we review an immunity determination *de novo*.[2]  We first determine whether the plaintiff has alleged the "violation of a clearly established right" under "currently applicable constitutional standards."[3]  If so, we then decide if the defendant's conduct was "objectively reasonable in the light of the clearly established law at the time of the incident."[4]

De Leon asserts that he is entitled to immunity because Gurski fails to allege the violation of a clearly established constitutional right.  Gurski introduced uncontested summary judgment evidence that he was terminated without a hearing, alleging violations of his right to procedural due process.  It is well settled that a property interest in continued employment cannot be deprived without due process, and that prior to terminating a public employee the employer must provide a hearing.[5]  Gurski has alleged a violation of a clearly established right.

Relying on **Galloway v. Louisiana**,[6] De Leon contends that Gurski cannot complain of a denial of due process because a hearing was scheduled, but Gurski did

---

[1] **Wren v. Towe**, 130 F.3d 1154 (5th Cir. 1997).

[2] **Id.**

[3] **Hare v. City of Cornith**, 135 F.3d 320, 325 (5th Cir. 1998).

[4] **Id.**

[5] **Cleveland Bd. of Educ. v. Loudermill**, 470 U.S. 532 (1985).

[6] **Galloway v. Louisiana**, 817 F.2d 1154 (5th Cir. 1987).

not attend. De Leon's argument is misplaced. Our jurisprudence, of course, teaches that no denial of procedural due process occurs where employees fail to utilize available procedures.[7] Gurski, however, invoked the available appeal procedures and expressly requested a due process hearing. De Leon offers no legitimate governmental objective for failing to reschedule the hearing after soliciting notice of conflicts and timely receiving such a notice from Gurski's counsel. It is inescapable that De Leon's failure to reschedule after being requested to do so could not be deemed objectively reasonable conduct. Gurski did not receive the requested due process hearing to which he was manifestly entitled. We find no error in the district court's denial of De Leon's motion for summary judgment on qualified immunity.[8]

The judgment appealed is AFFIRMED.

---

[7] **Galloway v. Louisiana**, 817 F.2d 1154 (5th Cir. 1987); **Myrick v. City of Dallas**, 810 F.2d 1382 (5th Cir. 1987). In **Galloway**, the plaintiff failed to request a hearing after he was released from the hospital and instead, bypassed the administrative procedure for an investigation alternative.

[8] In light of this conclusion in an interlocutory appeal of an immunity determination, we do not address the merits of the bias aspects of the procedural due process claim, noting that the district court did not reach this issue.